JOHN C. CURRY, plaintiff in error, vs. ALEXANDER B. HENDRY, defendant in error.

Upon the trial of a case, before a Justice of the Peace, for forcible entry, some force on the part of the defendant in entering must be shown. Where the entry is proved to be peaceable, the verdict should be for the defendant.

Forcible entry. Force. Evidence. Before Judge HAR-RELL. Randolph Superior Court. May Term, 1872.

Alexander B. Hendry sued out against John C. Curry the process of "forcible entry," for lot of land number six, in the sixth district of the county of Randolph.

Plaintiff testified that he had been in possession of said lot of land for three or four years, and a short time before he instituted legal proceedings, he found defendant in possession of one of the houses on said land; that he asked defendant how he came to take possession of said land; defendant replied, that Isaac Easley put him in possession; that plaintiff then asked defendant to deliver up possession to him; defendant replied that he had no wagon with which to move; that plaintiff offered to loan defendant his wagon; that defendant then declined to leave said land; that no unkind, unfriendly or angry words were spoken by defendant to plaintiff; that no menaces, force, arms nor violence were used to plaintiff; that witness did not remember telling Isaac Easley, in the town of Cuthbert, in October, 1871, "that there were some good old negroes on said lot of land;" that he did not promise said Easley to tell said negroes "to stay on said land to keep intruders off until he could make some arrangements about said land."

Defendant proposed to ask plaintiff the following question, to-wit: "If plaintiff did not come to said town of Cuthbert, on the first Tuesday in October, 1871, and tell Easley that he knew said lot of land belonged to him, and propose to buy the same of said Easley?" Which question the presiding magistrate refused to allow to be asked.

Defendant proposed to ask plaintiff the following question, to-wit: "If he did not, in the town of Cuthbert, in the month of November, 1871, say to said Easley, that Casper W. Jones had proposed to sell said lot of land to him, (Hendry,) that he knew Jones had no title to said land, and therefore refused to purchase, knowing that said land belonged to Easley, and then and there propose to purchase from him?"

Which question the presiding magistrate refused to allow to be asked.

Defendant then proposed to ask plaintiff the following question, to-wit: " If he did not, at his gin house, on the first Tuesday in October, 1871, tell Jacob Jeffries that said lot of land belonged to Isaac Easley, and that he was coming to Cuthbert on that day to purchase said lot of land from him ?" Which question the presiding magistrate refused to allow to be asked.

Defendant introduced Isaac Easley, who testified, substantially, as follows : Witness put defendant in possession of the lot of land some time in December, 1871 ; on the first Tuesday in October, 1871, plaintiff came to witness, in the town of Cuthbert, and proposed to purchase said lot of land from him ; again, on the first Tuesday in November, 1871, at the same place, plaintiff proposed to purchase said land from him, at which time and place witness asked said plaintiff if any one was on the land ; plaintiff replied that there were some old negroes; witness asked him what kind of negroes they were; plaintiff replied that they were good negroes ; witness asked him if he would tell said negroes to stay on said lot of land and keep intruders off until he, witness, could make some arrangements about said lot of land ; plaintiff promised to do this; plaintiff never said anything about his ever having been in possession of said lot of land, nor did he set up any claim to said possession ; had he done so, witness would not have put defendant in possession of the same as his tenant.

Defendant then proposed to ask said witness the following question, to-wit: " If the said plaintiff, on the first Tuesday in October, 1871, in the town of Cuthbert, did not come to him and propose to purchase said lot of land, and tell him, further, that Caspar W. Jones had proposed to sell him (plaintiff) the land, that he knew said Jones had no title, and he would not purchase the same from him, but was then satisfied that Easley was the owner of said lot of land and he

(plaintiff) wished to buy it?" Which question the Court refused to allow to be asked.

Defendant then introduced Jacob Jeffries, and proposed to ask him the same question that was excluded in the examination of plaintiff, as to the statements of plaintiff to him, the said Jeffries. The question was excluded by the presiding magistrate.

Defendant testified as follows: That Isaac Easley put him in possession of said lot of land; that he took it peaceably, using no force nor violence to get possession of the same; that after he moved into one of the houses on the land, plaintiff asked him how he came to be on the land; defendant stated that Easley put him in possession; plaintiff then asked him to deliver up possession of the premises, which defendant declined to do; there were no unkind words, no force, no violence, no anger manifested by either party to the other.

The presiding magistrate charged the jury as follows, to-wit: " They could consider but two questions, the possession and force; that Hendry had sworn that he had been in possession of said lot of land three or four years. Now if they believed what said Hendry had sworn, they should find for said Hendry."

The jury returned a verdict for the plaintiff.

The defendant carried the cause by writ of *certiorari* to the Superior Court, on the ground that the magistrate erred in refusing to allow the questions above set forth to be propounded, and in his charge as given to the jury.

Upon the hearing in the Superior Court, the writ of *certiorari* was dismissed and the judgment of the Court below affirmed, to which ruling plaintiff in error excepted.

B. S. WORRILL, for plaintiff in error.

H. FIELDER, for defendant.

MONTGOMERY, Judge.

The plaintiff below in this case having failed to show any force on the part of Curry in taking possession of the land, and the defendant having shown that he acquired possession peaceably, the verdict should have been for the defendant, and the *certiorari* should have been sustained.   Force, in taking possession of the land on the part of the defendant, is the very gist of the proceeding—without it, he cannot be evicted by this process.

Judgment reversed.